UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHELIA RENE VANN,

    Plaintiff,

v.                                  Case No. 5:22cv1-TKW-HTC

KILOLO KIJAKAZI[1],

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Shelia Rene Vann initiated this action in January 2022 by filing a complaint pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits. ECF Doc. 1. After Plaintiff filed her supporting memorandum, the Commissioner filed an "Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant" pursuant to sentence four of 42 U.S.C. § 405(g)." ECF Doc. 14.

---

[1] Plaintiff named Andrew M. Saul, Commissioner of Social Security, as a defendant in this action. Pursuant to Federal Rule of Civil Procedure 25(d), the clerk will be directed to substitute Saul for the current Commissioner, Kilolo Kijazaki. Also, it is unclear why the clerk added the United States Attorney General and the United States Attorney Office as defendants. While service is required on the United States Attorney General and the United States Attorney's Office for the Northern District of Florida, the only proper defendant is the Commissioner. Thus, the clerk will be directed to terminate the other defendants.

Upon consideration, the undersigned recommends the Commissioner's motion be GRANTED and the Commissioner's decision be REVERSED under sentence four of 42 U.S.C. § 405(g) and REMANDED to the Commissioner for further proceedings.

Title 42 U.S.C. Section §405(g) "permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Under sentence four of § 405(g), a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a rehearing." 42 U.S.C. §405(g); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Here, the Commissioner asserts that "additional administrative action is warranted in this case, including updating the evidence and administrative record, offering the claimant an opportunity for a new hearing, and issuing a new decision." ECF Doc. 14 at 2. Based on the Commissioner's reasoning, and the fact the motion is unopposed, the undersigned finds a reversal and remand to be warranted.

Accordingly, it is ORDERED that:

1. The clerk substitute Kilolo Kijazaki, Commissioner of Social Security, for Andrew M. Saul as a defendant in this action.

2. The clerk terminate the United States Attorney General and United States Attorney Office as defendants.

It is also respectfully RECOMMENDED that:

1. The Commissioner's "Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant" (ECF Doc. 14) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2. The clerk be directed to enter judgment in favor of Plaintiff.

3. This matter be REMANDED to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

4. The clerk be directed to close this file.

At Pensacola, Florida, this 28th day of July, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No.: 5:22cv1-TKW-HTC